HENRY BEHRMAN, Respondent, *v.* FREDERICK C. LINDE *et al.*, Appellants.

*N. Y. Supreme Court, First Department, General Term, May* 24, 1889.

1. *Finding of jury. Trial.*—The general term will not interfere with the determination of the jury on questions of facts, upon conflicting evidence, when properly submitted.
2. *Contract. Receipt.*—A receipt given for storage of poultry some days after its delivery, does not embody a prior verbal contract for such storage, nor change the obligations of the parties.
3. *Same. Alteration.*—An alteration in the receipt, in such case, though made with fraudulent intent, would not affect the contract.
4. *Damages.*—In an action for breach of contract, the plaintiff, where the contract is broken at the time of its commencement, has a right to recover all the damages which he has sustained up to the time of trial.

Appeal from a judgment entered on a verdict, and from an order denying motion for a new trial.

*E. S. Clinch*, for appellants.

*A. L. Sanger*, for respondent.

VAN BRUNT, P. J.—This action was brought to recover damages for breach of contract.

The plaintiffs alleged that on the 17th of August, 1885, the plaintiffs, for a compensation, agreed to be paid to the defendants, delivered to the defendants, and the defendants received certain barrels of poultry, under an agreement by which the defendants agreed to properly store and hold the same in cold storage, and properly freeze the same for the plaintiff, and to deliver, from time to time, said poultry and the whole thereof, in a good and properly frozen condition, and that defendants neglected so to do, and that by reason thereof said poultry became damaged and otherwise injured to plaintiff's damage.

The answer admitted the receipt of the poultry, and denied any contract upon defendant's part to freeze the same, or to deliver the same in a good and frozen condition. It further alleged that the barrels, and the contents thereof were kept with due care and diligence by the defendants.

It is true that the allegations of the complaint looked toward some claim of negligence upon the part of the defendants; but as already stated, the action was not for negligence, except so far as it is negligent upon the part of any person to fail to keep a contract. The theory upon which the case was tried, was defined by the learned judge, and the attention of the jury was distinctly called to the fact that it was not an action for the breach of duty of a warehouseman, but for the breach of an express contract made by a person who was carrying on the warehouse business.

The evidence upon the part of the plaintiff was to the effect that prior to the receipt of this poultry, an agreement was entered into between the plaintiffs and the defendants for the storage of this poultry, and that it was part and parcel of that agreement that the temperature should be kept at from sixteen to twenty degrees, and thus the poultry be frozen.

The evidence further shows that a few days after the receipt of the poultry, the defendants sent to the plaintiff a receipt therefor, couched in the following language:

"Received for account and risk of Stege & Behrman to be held in cold storage in cellar No. 4, 242 barrels poultry," and the contention of the defendant was that this receipt expressed the contract between the parties, and that they do not violate that contract, or fail in any of their duties as warehousemen.

It is to be observed that if the theory upon which the plaintiffs claim to recover, is true and is established by the evidence, then the receipt in question did not constitute the contract and did not embody the contract which had been previously made. The evidence upon the part of the

plaintiff was, that several days prior to the giving of this receipt, and prior to the receipt of the poultry, a contract was made for its storage, and that this receipt was given several days after the poultry had been received and the performance of the contract had been entered into upon the part of the defendant.

An examination of this case shows, it seems to us, that cold storage and frozen storage are two entirely different things ; and that perhaps if the contract was that the poultry should be kept upon cold storage, then the contract was performed. But the evidence also shows that if the contract was to keep the poultry at from sixteen to twenty degrees, as claimed by the plaintiff, such contract was not performed. It is clear from the evidence that the jury had a right to find that the receipt did not embody the contract; because, as already said, the receipt was given some days after the poultry was delivered, and if a contract calling for frozen storage had been made prior to the receipt of the poultry, the giving by the defendants of a receipt calling for simply cold storage could not change the obligations upon which they had entered.

The evidence was conflicting upon this point as to whether the contract was for frozen storage, or whether the receipt expressed the true contract between the parties.

This question was distinctly submitted to the jury by the court, calling their attention to the proper rule of evidence, and that it was necessary for the plaintiff to establish in order to recover, that it was expressly agreed that the defendants would store these chickens and subject them at all times to a temperature of from sixteen to twenty degrees. The jury, having found this to be the contract, necessarily came to the conclusion that cold storage was not that which had been contracted for.

It was also claimed, upon the part of the defendant, that the poultry was in bad condition when it was received, and that even if it was kept at from sixteen to twenty degrees,

it would have taken three or four days for this poultry to freeze, and being in a bad condition at the time it was received, it would be in a worse one before it was frozen, and that, therefore, the .evidence establishes the fact that whatever damages were sustained, were not because of the defendant's breach of contract, but because of the defective condition of the poultry.

But the difficulty with this position is that the jury have found otherwise. There was evidence sufficient to go to the jury that this poultry was sound at the time it went into the storehouse, and that if it had been kept at a temperature of from sixteen to twenty degrees it would have remained sound, and would not have become rotten as it subsequently did. This question was also distinctly placed before the jury for their determination, and the jury having found upon this conflict of evidence that the poultry was sound, and that the contract of storage was not fulfilled, and that by reason thereof the loss was sustained, this court cannot interfere with that determination, even if they felt so inclined, which they do not.

It seems to us, upon an examination of this case, that the defendants attempted to prove too much, and the result is a verdict against them.

Their case resembles that of the man who was sued for the conversion of a kettle. He first denied having received it; and, secondly, claimed that there was a hole in it when he got it, and that it was worthless. And that is just the position of the defendants. They first deny having made a contract for freezing storage, and that the contract was only one for cold storage, calling for a temperature of from thirty-six to forty-two degrees; and then go on and say : " We kept the temperature down below twenty." Now it is idle to suppose that if the defendants understood that their contract was simply for cold storage, calling for from thirty-six to forty-two degrees temperature, they would go to the extra expense of reducing the temperature below twenty degree.

. We think the jury may very well have come to the conclusion that this whole defense upon the part of the defendants was tainted by the fact that they attempted to deny a contract which they undoubtedly had entered into.

Upon an examination of the defendants' points, it appears that the claim is still made that the contract was for cold storage, and not freezing storage. Of course, if the receipt embodies the contract between these parties, that contention is true. But the jury having found against them, and that the contract was for freezing storage, their liabilities are to be determined upon the theory that there has been a breach of that contract.

The claim that the placing of certain numbers, upon this receipt destroyed the contract, is also founded upon the same ground, namely that the receipt embraced the contract of the parties, and was the evidence thereof. From the testimony in this case as to the circumstances of the giving of this receipt, it is clear that in no way was it the contract. Upon the contrary, the evidence shows that the contract was made before, and it was evidence of nothing whatever other than that the defendants had accepted the receipt of the goods. The defendants, by the insertion of terms in this receipt could not alter the liability which they assumed by the contract which they had already entered into; and although, undoubtedly, the poultry was for the account and risk of the plaintiffs, the risks arising from a breach of their contract of storage by the defendants were not such as were included. If this receipt was the contract which was entered into between these parties, its fraudulent alteration would undoubtedly destroy the instrument. But in the first place there is nothing whatever to show that this alteration was made with a fraudulent intent; and, secondly the jury have found that the receipt was not the contract and, therefore, if the receipt was absolutely wiped out of existence, the liabilities of the parties would be precisely the same.

It is further claimed that there was a violation of duty upon the part of the plaintiffs in that when they discovered the condition of the poultry they did not do all in their power to reduce any damages, recoverable of the defendants. If there was anything in the case to support this proposition, it might be worthy of consideration, but an examination of the charge, and of the requests to charge upon the part of the defendants, discloses no proposition which brings up any such question for consideration except, perhaps, the second request to charge, in which the court is requested to charge that the jury must also find that the condition of the poultry did not become more unmarketable after the 18th of September, 1885, to enable them to find a verdict for the full amount which the court charged Therefore, the jury found from the evidence that the poultry, after the 18th of September, 1885, was in no way impaired by being retained on storage, and consequently the defendants have not suffered any damage thereby.

The court was also requested to charge that there was no evidence as to what the price of the poultry would have been if it had been sold when it was in no worse condition than it was on the 18th of September, 1885. This request the court refused to charge, because the point hâd already been substantially presented to the jury in the previous request. And, furthermore, there was evidence tending to show that on the 18th of September, 1885, the poultry in its then condition could not be sold.

It was further claimed that the plaintiffs could not recover damages that had not been sustained at the time of the commencement of this action. It is clear that this objection is not well taken. The contract having been broken at the time of the commencement of the action the plaintiffs had a right to recover all the damages which they had sustained up to the time of trial.

In the case of Wilcox *v.* Plummer's Exr's (4 Peters, 172), the rule is expressly laid down that where a contract is

broken, an action may be maintained immediately, and although at the time of the commencement of the action, nominal damages only may have been sustained, yet that it is perfectly clear that the proof of actual damages may extend to facts that accrued and grew out of the injury up to the date of the trial.

In the case at bar, at the time of the commencement of the action, the contract proven had been broken. A right of action then accrued, and under the rule cited the plaintiff had a right to recover for damages which had accrued, growing out of the breach of the contract up to the date of the trial.

It is undoubtedly true that if the jury had found that the poultry was in a defective condition at the time at which it was received, such a verdict might have been sustained. But the difficulty with the defendant's case seems to be that the jury chose to give credence to the witnesses on the part of the plaintiffs rather than to their own, perhaps for the reason above suggested, and this court sees no reason for interfering with their conclusion.

The exceptions to the receipt of evidence do not seem to be well taken, and do not call for reversal upon our part.

The judgment and order should be affirmed, with costs.

BARTLETT, J., concurs.