WILLIAM H. THOMAS and Another, Respondents, *v.* HENRY A. DICKINSON and Another, Appellants.

*Complaint alleging fraud in the sale of goods — a note given therefor must be tendered.*

The complaint in an action alleged that the defendants had, by false representations, induced the plaintiffs to sell goods to them and demanded judgment for their value. The answer denied the false representations and alleged that the goods had been sold upon a credit which, at the time of the commencement of the action, had not expired.

Upon the trial it appeared that the goods had been sold upon credit; that a note had been given for the purchase-price, which was not due; that this note had never been tendered to the defendants, and it did not appear who was the present holder thereof.

*Held,* that the action must be held to be one in disaffirmance of the contract.

That as it could not yet be determined whether or not the note would be paid, and as the note was not tendered to the defendants the action could not be maintained.

That the plaintiffs should have shown that they were the holders of the note, since otherwise the defendants might be held liable by the plaintiffs for fraud and by the holder of the note for its amount.

That whether the action was for a rescission or for damages for fraud, if a note had been given, it should have been restored.

Appeal by the defendants Henry A. Dickinson and David I. Johnson, copartners, doing business under the firm name of H. A. Dickinson & Co., from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 27th day of February, 1892, upon a verdict for the plaintiffs for $1,846.53, after a trial at the New York Circuit before the court and a jury; and also from an order of said court entered in said clerk's office on the 16th day of February, 1892, denying defendant's motion for a new trial made upon the grounds stated in section 999 of the Code of Civil Procedure.

*F. Bien,* for the appellants.

*A. W. Otis,* for the respondents.

Van Brunt, P. J.:

The complaint alleges that the defendants, with intent to deceive and defraud the plaintiffs, by inducing the plaintiffs to sell goods to them, falsely and fraudulently represented to the plaintiffs that they

were solvent, and that one of the defendants, Dickinson, was worth $50,000 and his wife was worth $200,000; that plaintiffs, relying upon said representations were thereby induced to sell and deliver to the defendants certain goods of the value of $1,696.82, and that the representations so made were false; that no part of the price of the goods had been paid, to the damage of the plaintiffs $1,696.82, and for this amount judgment was demanded.

The answer denied the allegation of false representations and alleged that the goods mentioned in the complaint were purchased upon a credit which, at the time of the commencement of the action, had not expired; and upon the trial it appeared that the goods were sold in the ordinary course of business on a credit of four months, and that the plaintiffs had received in payment thereof a note, which note was not due at the time of the commencement of the action and had not been tendered before or after suit brought, nor at the trial. A motion was made to dismiss the complaint upon this ground, which was denied and an exception taken. The other points raised in the case it is not necessary to consider.

Upon the part of the plaintiffs it is claimed that it was not necessary to return, or offer to return to the defendants at the trial, the promissory note mentioned in the testimony, because a person defrauded by another may resort to one of three remedies. First, he may, before suing, restore or offer to restore what he has received from the other party, elect to rescind the contract and sue at law for whatever he has parted with. Or he may, secondly, without restoring or offering to restore what he has received, sue in equity for a rescission, in which case he must allege in his complaint his willingness to restore, as a condition for being permitted to rescind; and must, in fact, restore or offer to restore before or at the trial. Or he may, in the third place, stand upon the contract, make no offer to rescind it and sue for the damages which he has suffered by the fraud of the other party in inducing him to enter into the contract. And this latter remedy is that which the plaintiffs claim to have pursued. But the difficulty with the plaintiffs' case is that until it is ascertained whether or not the note in question, which has been given in payment of the goods, will be paid, it cannot be ascertained as to whether the plaintiffs have or will suffer any damage by reason of the alleged false representations. And the further principle is

lost sight of that the holder of the note is the only one who can enforce any liability against the defendants. If the plaintiffs have transferred the note and it is in the hands of a third person, they certainly have sustained no damage by reason of the false representations. If any cause of action exists, it is in favor of the holder of the note, and not the plaintiffs, unless they are such holders. And it is because of this principle that the rule has obtained that no matter what the action is, whether for a rescission of the contract or for damages because of the fraud of the other party in inducing them to enter into the contract, if a note has been given it must be returned, as the defendants are not required to pay damages for the fraud and pay the debt also.

If the plaintiffs' position is correct, then, in case the judgment in this action was satisfied, and, therefore, the goods paid for, and the note was held by a third party, the defendants could be compelled to pay over again, which shows the falsity of the position occupied by the plaintiffs. Their action, therefore, can only be considered as an action in disaffirmance of the contract and either to recover the purchase-price of the goods or damages for their conversion. It is conceded by the learned counsel for the respondents that in such a form of action the note should have been returned.

We think, therefore, that the ruling of the learned court below was erroneous, and that the plaintiffs could not maintain any action of the kind, which the case at bar is claimed to be, until it was ascertained whether the note in question would be paid or not; and, furthermore, it would be necessary for them to show that they were the holders of the evidence of debt, otherwise the defendants would be under a liability to the plaintiffs for the fraud to the full extent of the debt and a liability to the holder of the note for the same amount.

The judgment should be reversed and a new trial ordered, with costs to appellants to abide event.

O'BRIEN and PATTERSON, JJ., concurred.

Judgment reversed and new trial ordered, with costs to appellants to abide event.