WILLIAM H. THOMAS AND ANOTHER, COPARTNERS, AS
W. H. THOMAS & SON, APPELLANTS, v. HENRY A.
DICKINSON AND ANOTHER, COPARTNERS, AS H. A. DICK-
INSON & CO., RESPONDENTS.

*Action for fraud in obtaining goods — commenced before the maturity of a note taken
in payment therefor.*

An action to recover the damages resulting from fraud, in obtaining goods by
false representations, may be brought before the maturity of a note received in
payment therefor in reliance upon the false representations, and the value of the
goods so obtained may be recovered as damages for the fraud, if proved, pro-
vided it is shown upon the trial that the note has not been paid, and the plaintiff,
at the trial, offers to return the note to the defendant.

APPEAL by the plaintiffs, William H. Thomas and others, from a
judgment of the Supreme Court, entered in the office of the clerk
of the city and county of New York on the 22d day of November,
1892, in favor of the defendants, on the dismissal of the complaint
at the New York Circuit.

*G. Walker Otis,* for the appellants.

*Franklin Bien,* for the respondents.

O'BRIEN, J.:

Upon this appeal questions of law are alone to be considered,
bringing up, as it does, for review only the judgment-roll and excep-
tions.   The case contains no evidence, but we must presume that
there was sufficient to support the findings of fact; and, upon such
findings, the questions presented are as to whether the conclusions
of law from such facts are right.

The complaint alleges that, in April, 1890, the defendants, with
intent to deceive and defraud plaintiffs by inducing the latter to sell
them goods on credit, falsely and fraudulently represented to them
that they, defendants, were solvent; that the defendant Dickinson
was worth $50,000; that the wife of Dickinson had an interest in the
business of defendants, and was worth $200,000; and that plaint-
iffs, relying upon such representations, were induced to deliver to

the defendants on credit merchandise of the value of $1,696.82; that said representations were false, to the knowledge of the defendants, and were relied on by the plaintiffs to their damage, $1,696.82.

The answer alleged that the merchandise was sold on a credit, which had not expired at the commencement of the action. In support of such defense it appeared upon the trial that the goods were sold on a credit of four months from April 28, 1890, for which defendants gave the plaintiffs their promissory note, which was due August 31, 1890.

This action was begun July 31, 1890, and, with the exception of the single allegation that Mrs. Dickinson was not worth $200,000, the trial judge found all the foregoing facts in plaintiffs' favor. And, in addition, he found that the promissory note, being in possession of the plaintiffs, was, subsequent to the commencement of the action, tendered back to the defendants, which the latter refused to receive, and that upon the trial the plaintiffs again tendered back the promissory note and met with a like refusal. Notwithstanding, a judgment was ordered for the defendants upon the ground that the plaintiffs, at the time of the commencement of the action, had suffered no damage from false representations, because the note had not then matured.

Upon the former appeal in this case, taken from a judgment upon a verdict directed in favor of the plaintiffs, and in which the facts were, that the offer to return the note had not been made either before or at the time of trial, the judgment was, on this ground, reversed for the reasons stated in the opinion of this court, to be found in the Law Journal of September 21, 1892. (47 N. Y. St. Rep., 209.) As therein said: "A person defrauded by another may resort to one of three remedies. First. He may, before suing, restore or offer to restore what he has received from the other party, elect to rescind the contract and sue at law for whatever he has parted with; or he may, secondly, without restoring or offering to restore what he has received, sue in equity for a rescission, in which case he must allege in his complaint his willingness to restore, as a condition for being permitted to rescind, and must, in fact, restore or offer to restore before or at the trial; or he may, in the third place, stand upon the contract, making no offer to rescind it, and sue for the damages which he has suffered by the fraud of the other party in

inducing him to enter into the contract. And this latter remedy is that which the plaintiff claims to have pursued.

"But the difficulty with the plaintiff's case is that until it is ascertained whether or not the note in question, which has been given in payment of the goods, will be paid, it cannot be ascertained as to whether the plaintiff has or will suffer any damage by reason of the alleged false representations. And the further principle is lost sight of that the holder of the note is the only one who can enforce any liability against the defendants. If the plaintiffs have transferred the note and it is in the hands of a third person, they certainly have sustained no damage by reason of the false representations. If any cause of action exists, it is in favor of the holder of the note and not the plaintiffs, unless they are such holders. And it is because of this principle that the rule has obtained that no matter what the action is, whether for rescission of the contract or for damages, because of the fraud of the other party in inducing them to enter into the contract, if a note has been given, it must be returned as the defendants are not required to pay damages for the fraud and pay the debt also."

Other language is used in the opinion relating to plaintiffs' right to maintain an action of this kind, in effect holding that until it was ascertained whether the note in question would be paid or not the defendants would be under no liability to the plaintiffs for damages to the full extent of the debt for the fraud.

It will thus be seen that the reversal of the former judgment was placed distinctly upon the ground that a note had been given for the goods purchased of the plaintiffs, which, so far as it was made to appear, might have been transferred by the plaintiffs to a third party and upon which the defendants might have been liable, though they should pay the judgment, which included the full value of the goods delivered. That the defendants should not be subjected to this double liability was, therefore, correctly determined by this court upon the former appeal.

Upon the retrial, though it then appeared that the note, which at maturity had not been paid, was still in the possession of the plaintiffs and was tendered back, this was regarded by the trial judge as not controlling, and, upon the ground that the action was commenced before the maturity of the note, the complaint was dismissed.

·It may be that sentences in the opinion on the former appeal, disconnected from the context, might give the impression that the action was prematurely brought, and, therefore, that no recovery could be had. But it must be remembered that, in saying that "the former action could not be maintained," the language of this court, as shown by the context, was applied to the theory upon which the action was formerly tried, and which, upon the facts then appearing, resulted in a verdict for the full amount in plaintiffs' favor, notwithstanding the existence of an outstanding note which had not been tendered back, and upon which the defendants would be liable.

The question now presented is : Was this action prematurely brought, or was it essential for the maintenance of the action that the plaintiffs should have waited until the maturity of the note ?

This is to be determined by consideration of what plaintiffs' right of action was, and when it accrued, without regard for the present to the question of damages. The fraud was committed when the defendants upon false representations obtained the plaintiffs' goods in April, 1890, and, we think, that the plaintiffs' cause of action then accrued. It is true that a note had been given, upon which the defendants were liable, and until the maturity of the note the plaintiffs could not, in any event, have recovered more than nominal damages. The question whether they should have recovered more than nominal damages would necessarily depend upon the evidence presented on the trial. This is illustrated by what occurred upon the first trial of this case where, it appearing that the note was outstanding, a direction in plaintiffs' favor for the full amount of the goods delivered was properly reversed; or, to take another illustration, let us assume that a four months' open credit had been given, not evidenced by any note or writing, would the right to maintain the action for fraud be premature if brought before the expiration of the credit ? We think, under all the authorities, that such a view cannot prevail, for it must be kept in mind that the cause of action is for the fraud, and it arose immediately upon the perpetration thereof, and that the cause of action itself for the fraud is something separate and distinct from the amount of damages that may be recovered by reason thereof.

It is true, that the old rule at common law would only permit damages which had accrued at the time of the commencement of the action; and if this rule still prevailed, upon the remedy elected by plaintiffs, the note not being due at the time of the commencement of the action, the fact that subsequently it was not paid, or an offer to return it upon the trial, could not be used to enhance damages. This rule, however, no longer prevails either in England or in this State. In an early case in the United States Supreme Court, which was an action brought against an attorney for neglect, it was held: When the attorney was chargeable with negligence, his contract was violated, and the action might have been sustained immediately. Perhaps, in that event, no more than nominal damages may be proved, and no more recovered; but, on the other hand, it is perfectly clear that the proof of actual damages may extend to facts that occur and grow out of the injury, even up to the day of the verdict. (*Wilcox* v. *Plummer*, 4 Peters [U. S.], 172, 180; see, also, Sedgewick on damages [ed. 1891], § 85.)

In *Everson* v. *Powers* (89 N.Y., 527), which was an action brought by an employee for damages for his wrongful discharge, wherein the point was made that the plaintiff could recover only damages which had accrued at the commencement of the action, the court said: "The plaintiff's cause of action arose at the time of the breach of the contract, and he was then entitled to sue and recover such actual damages as the evidence upon the trial showed he had sustained by the defendant's breach. It is the breach, and not the time of complaining of it, which gives the damage."

And in *Behrman* v. *Linde* (23 N. Y. St. Rep., 490), which was an action for breach of contract, the presiding justice of this court, writing the opinion, says: "It was further claimed that the plaintiffs could not recover damages that had not been sustained at the time of the commencement of this action. It is clear that this objection is not well taken. The contract, having been broken at the time of the commencement of the action, the plaintiffs had a right to recover all the damages which they had sustained up to the time of trial."

So with respect to the fraud here, upon its perpetration and the receipt of the plaintiffs' property as the result thereof, a cause of action, at least for nominal damages arose, and this right was not

impaired or destroyed by the plaintiffs' taking, under the facts here appearing, the note of the defendants, because it was found as a fact that, relying upon the false representations, they were induced to receive the note from the defendants. The credit extended, as evidenced by the note, was, therefore, abrogated. And while it is true that as long as the note was outstanding, and before it was returned to the defendants, no recovery for the value of the goods could be had in an action such as this, still, where, as here, upon the trial proof was offered showing that subsequent to the commencement of the action the note was not paid and was offered to be returned upon the trial, we think that this entitled the plaintiffs to recover as damages for the fraud the value of the goods obtained by the defendants.

Our decision upon the former appeal was placed upon the ground that no recovery for value of the goods thus obtained could be had without producing and tendering back the note upon or before the trial, and a reading of the opinion will show that our attention was directed against allowing a recovery for the value of the goods, and permitting an outstanding liability upon the note to exist at the same time, upon which latter, if the former judgment were paid, the defendants would have been liable.

We think, however, that where, as here, it has been found that the defendants were guilty of fraud in obtaining the property of the plaintiffs, although they accepted a note therefor, they were entitled to maintain the action for the fraud, their right of action having accrued immediately upon the discovery of such fraud, and that when upon the trial they tendered back the note they were entitled to recover as damages the value of the property obtained from them.

For these reasons we are of opinion that the conclusion reached by the learned trial judge upon the facts found by him was erroneous, and that the judgment appealed from should be reversed and a new trial ordered, with costs and disbursements to plaintiffs to abide the event.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment reversed and new trial ordered, with costs and disbursements to plaintiffs to abide event.