IDA A. CURRIER, Appellant, v. HENRY W. POOR and Others, Respondents.

84 45
155a 344

*False representations — remedies of a person aggrieved thereby — tender.*

An action brought to recover damages for false representations made to the plaintiff, whereby he was induced to enter into a contract, is not maintainable until the maturity of the security or note received by the plaintiff under such contract.

The law gives three remedies to one who claims to have suffered by reason of the fraud of another. He may rescind the transaction, and offer to restore what he has received, and begin a suit at law to recover the moneys paid, or he may bring a suit in equity to obtain a rescission of the contract, and to recover what he had parted with, his complaint containing an offer to restore what he has received, or he may keep what he has received, and sue for damages for the alleged fraud.

Where such a person brings an action to rescind the contract and recover the purchase price, he is bound not only to tender, but to keep his tender good, and upon the trial to offer to return, the property received by him under such contract.

In an action brought to rescind a contract on the ground of fraud it is unnecessary to wait for the maturity of the security given under the terms thereof, or to wait for the expiration of a term of credit.

Whether the action is brought for the rescission of the contract, or for damages because of the fraud of the defendant in inducing the plaintiff to enter into the same, if a note has been given it must be returned; an action for damages cannot be maintained until it is ascertained whether the note will be paid or not.

Where the person defrauded makes no offer to return what he has received, the action must be regarded as one brought to recover damages for false representations; in such a case what has been received may be kept, and the damages suffered by reason of the fraud may be recovered; but such recovery must be based upon evidence showing the damage.

Appeal by the plaintiff, Ida A. Currier, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 24th day of March, 1894, upon the dismissal of the complaint directed by the court after a trial before the court and a jury at the New York Circuit.

*G. E. Waldo*, for the appellant.

*Adrian H. Joline*, for the respondents.

O'Brien, J.:

By this action it was sought to recover the purchase money of five second-mortgage bonds of the Knickerbocker Brewing Company, upon the ground that the plaintiff was induced to purchase the bonds of the defendants by fraudulent representations. The plaintiff's brother and agent testified that before purchasing he had an interview with one of the members of the defendants' firm in which the latter had falsely represented that the bonds were better than any railroad bonds that could be bought at about par; that they were more valuable than such railroad bonds; were secured by mortgage on real estate of greater value than the whole issue of bonds; that the bonds were issued for full value, and that at any time if the bonds were brought back defendants would get the plaintiff's money for her; and that by such representations the defendants induced the plaintiff to make the purchase. It was shown that the bonds would not mature until 1897; that they are still held by the plaintiff, and that interest has been paid as the same matured, except that the interest due November 1, 1891, was defaulted and not paid until November 29, 1891; that the bonds were tendered before suit to

defendants, and repayment of the purchase money demanded and refused.

Upon these facts appearing, the defendants moved to dismiss the complaint, on the ground that by the testimony offered it did not appear that the plaintiff had sustained any damage; and, in response to the inquiry of the court, plaintiff stated that she had no further testimony as to representations, but that the only evidence she had to offer, in addition to that already offered, was that the representations were false as to the value of the property, as to the fact that the bonds were issued for full value, and also as to the fact whether they were issued for full value or not, and whether they were worth par on the market. Upon this statement the court granted the motion and dismissed the complaint, on the ground that no damage had been shown, adding that, according to the testimony of Dr. Currier, most of the statements complained of were mere expressions of opinion.

In determining the correctness of the ruling let us assume that the representations were made, and at least one of them, that relating to the question of value, was a statement of fact, and was untrue. In this condition of the record the question is, whether the learned trial judge was right in holding that it was an essential part of the plaintiff's cause of action to prove damages.

The plaintiff insists that the complaint was dismissed upon the ground that the action was prematurely brought. This, though not altogether an accurate statement, may be in one aspect correct; for, as we shall show, though the complaint was dismissed because no damages were proved, it is true that damages were not proven because the amount thereof could not be ascertained until the bonds matured; and it has been held that where the action was brought to recover damages for false representations, and the plaintiff had the note or securities, which had not matured, the action was not maintainable until the maturity of such securities or note. That counsel is not entirely correct in the statement that the dismissal was placed upon the ground that the action was prematurely brought we think appears from what occurred upon the trial, and from the language of the judge in disposing of the motion, it being necessary only to quote a single sentence at the end to show the position taken. He says: "If the plaintiff had shown any loss, no matter how

slight it might be, I should certainly not take the case away from the jury; but the interest upon the bonds being regularly paid, it is not for us to say now that when the principal matures that will not be paid also, and, therefore, the complaint, I think, should be dismissed." It will thus be seen that the motion was put upon the ground of a failure to prove any damages, and that it was granted by the court upon this express ground.

Though frequently stated, it seems necessary for the sake of clearness in cases of this character to refer to the remedies which by law are given to one who claims to have suffered by reason of the fraud of another. The plaintiff had one of three remedies open to her if her allegations were true: (1) To rescind the transaction, offering to restore what she had received, and begin a suit at law to recover the moneys paid; (2) to bring a suit in equity to obtain a rescission of the contract, and to recover what she had parted with, the complaint containing an offer to restore what she had received, and (3) to keep what she had received and sue for damages for the alleged fraud. (*Kountze* v. *Kennedy,* 25 N. Y. Supp. 682; *Met. El. R. R. Co.* v. *Man. El. R. R. Co.,* 11 Daly, 373, 449; *Vail* v. *Reynolds,* 118 N. Y. 297.) The complaint seemingly would indicate that the plaintiff intended to avail herself of the first-mentioned remedy, for there is an allegation in the complaint of tender before suit; but we find no allegation of continued willingness to return the bonds, and there was no profert made of them at the trial. The trial was conducted on the theory that the suit was one for damages for false representations; and that this was the view taken both by counsel for the plaintiff and the judge is apparent from the remarks of both as they appear in the record. Plaintiff had the right, as shown, to rescind the contract and recover the purchase price, but in that case she was bound not only to tender but to keep the tender good, and upon the trial offer to return the bonds. This was not done, either by suitable allegations in the complaint, or by the proof, or by profert of the bonds upon the trial.

In an action to rescind it is unnecessary to wait for the maturing of the security, or, if a note be given, for the maturing of the note, or for the expiration of a term of credit; but where such remedy is elected the plaintiff must maintain a consistent attitude. Where,

however, one defrauded makes no- offer to return what has been received, the action must be regarded as one brought to recover damages for false representations, and in such a case what has been received may be kept and the damages suffered by reason of the fraud recovered; but such recovery must be based upon evidence showing the damage. The distinction between the various remedies thus pointed out has been clearly presented upon two appeals before this court in the case of *Thomas* v. *Dickinson* (47 N. Y. St. Repr. 209, and 67 Hun, 350). Upon the first appeal the record showed that, by means of false representations, the plaintiff had been induced to part with goods, and had received in payment therefor a note, which was not due at the commencement of the action and was not tendered before or after suit brought, nor at the trial. Upon this ground a motion was made to dismiss, which was denied, and an exception taken. And it was therein held that, whether the action is for a rescission of the contract or for damages because of the fraud of the defendant in inducing the plaintiff to enter into the contract, if a note has been given, it must be returned. An action for damages, in such case, cannot be maintained until it is ascertained whether the note will be paid or not, and it must be shown that plaintiff is still the holder of the note, the reasoning of the court being that " until it is ascertained whether or not the note in question, which has been given in payment of the goods, will be paid, it cannot be ascertained as to whether the plaintiff has or will suffer any damage by reason of the alleged false representations." And upon the second appeal, the record showing that the note had not been paid and that the plaintiffs at the trial offered to return the note to the defendants, it was held that, as " the defendants were guilty of fraud in obtaining the property of the plaintiffs, although they accepted a note therefor, they were entitled to maintain the action for the fraud, their right of action having accrued immediately upon the discovery of such fraud, and that when upon the trial they tendered back the note, they were entitled to recover as damages the value of the property obtained from them."

So here, if the plaintiff, upon the theory of a rescission of the contract for fraud, had tendered back the securities and kept such

tender good, and made profert at the trial, then, although they had not matured, she could recover back the purchase price; but not having offered to return the securities or made a profert of them at the trial, and having proceeded upon the theory that the action was one to recover damages for false representations, she was obliged to show her damages.

We think, therefore, that in the disposition made the court was right, and the judgment should be affirmed, with costs.

Van Brunt, P. J., and Parker, J., concurred.

Judgment affirmed, with costs.