(96 App. Div. 353.)

### NICHOLS et al. v. COLEMAN et al.

(Supreme Court, Appellate Division, First Department. July 13, 1904.)

1. CONDITIONAL SALES—FALSE REPRESENTATIONS—QUESTION FOR JURY.

Where, prior to a conditional sale of certain cabs, the buyer had executed a bill of sale which transferred all his title and interest to his livery business to his son, and there was evidence that the seller was induced to make the sale by false representations of the buyer and his son that the buyer was still the owner of such business, the question whether such representations were in fact made—their falsity being admitted—was for the jury.

2. SAME—INSTRUCTIONS—STATEMENT OF EVIDENCE.

In an action for fraudulent representations that the buyer of certain cabs was the owner and proprietor of a livery business which he had previously sold under an unrecorded bill of sale, certain questions as to whether the business was conducted in the same manner after the execution of the bill as before did not constitute an effort to explain the bill of sale, or show how it was made, so as to render an instruction that there was no attempt to explain such transaction erroneous.

3. Same—Unliquidated Damages—Interest—Power of Court.

　　In an action of tort to recover unliquidated damages, interest may be awarded or withheld by the jury in its discretion, but the court has no power to award interest as a matter of law.

4. Same—Stipulations—Interest.

　　During the trial of an action for fraudulent representations, a colloquy occurred between the court and counsel as to the recovery of interest, in which defendant's counsel stated that he did not think that, as a matter of damages, interest was properly before the court; but, on the court's submitting the question to the jury, counsel consented that the question of interest might be reserved and found by the court. *Held,* that it was competent for the court, under such stipulation, to add interest to the verdict, in its discretion.

　　Van Brunt, P. J., dissenting.

Appeal from Trial Term, New York County.

Action by Daniel P. Nichols and others against Daniel Coleman and others. From a judgment in favor of plaintiffs, and from an order denying defendants' motion for a new trial, they appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Allan Lee Smidt, for appellants.
Herbert Goldmark, for respondents.

HATCH, J. The plaintiffs bring this action to recover damages averred to have been sustained by reason of the false and fraudulent representations made by the defendants to procure the delivery to Daniel Coleman of two hansom cabs, pursuant to the terms of a conditional sale. The contract of sale was made by Daniel Coleman on the 16th day of April, 1897, and, in terms, it provides that the said Coleman had hired from the plaintiffs the cabs therein described, for the use of which he agreed to pay $1,641—$1 upon the execution of the contract, and the balance in monthly installments of $50 and $100 per month, secured to be paid by 20 promissory notes made by Daniel Coleman, and payable to the plaintiffs; the first seven of these notes being for $50 each, 12 for $100 each, and the last for $90. These notes all bore date April 12, 1897; the first being payable 1 month after date, and the others falling due successively at intervals of 1 month; the last one being due 20 months from date. It was further provided in the contract that upon the final payment of all of said notes, with interest thereon, title to the cabs should then vest in Daniel Coleman. At the time of the negotiations between these parties which resulted in the execution of the conditional contract of sale and of the delivery of the cabs, Daniel Coleman and the other defendants, his two sons, each stated and represented that Daniel Coleman was the owner of the livery business conducted at No. 120 West Fifty-Sixth street, in the city of New York; that being the place of business of Daniel Coleman, and in connection with which the cabs were to be used. The plaintiffs testified that in making such sale they relied upon these representations, and believed them to be

¶ 3. See Damages, vol. 15, Cent. Dig. §§ 144, 145.

true, and were thereby induced to make the sale. After the execution of the contract, the cabs and the equipment which accompanied them, all of which was embraced in the conditional contract of sale, were delivered to Daniel Coleman on the 16th day of April, 1897. Coleman paid the first two notes, of $50 each, as they matured, but defaulted in payment of all of the others. Plaintiffs made repeated efforts to collect the notes, but, failing therein, they demanded a redelivery of the property pursuant to the terms of the contract; and on the 20th day of January, 1898, upon a written request, the cabs were delivered to and received by the plaintiffs. It was made to appear upon the trial that prior to the delivery of the cabs to Daniel Coleman, and prior to the representations which were made by him and the other defendants, as hereinbefore stated, Daniel Coleman, under date of March 30, 1897, had executed and delivered a bill of sale of all of his property upon the premises Nos. 120–122 West Fifty-Sixth street, and also all his right, title, and interest in and to a business conducted by him at No. 102 East Forty-First street, in trust for the benefit of the children of Daniel Coleman, pursuant to a written instrument bearing even date with the bill of sale. These papers had been executed and delivered prior to the transaction, the subject of this action, and the defendant Harry Coleman was at the time of the delivery of the cabs in the possession and ownership of the business. There was, however, no apparent change in the conduct of the business or in the control of the property. Upon discovering these facts, the plaintiffs brought this action, and surrendered the notes upon the trial. It was stipulated by counsel upon the trial that the measure of damages, if the plaintiffs were entitled to recover, should be $1 per day for each of the two cabs for the period of 274 days; that being the time the cabs were in the possession of the defendants. The case being submitted to the jury, it returned a verdict in favor of the plaintiffs for the sum so agreed upon, less the sum of $100, represented by the two promissory notes which were paid by Daniel Coleman. Prior to the submission of the case to the jury a colloquy was had between the court and counsel as to the right of the plaintiff to recover interest upon any sum which the jury might award. No conclusion was reached thereon until the court had submitted the question to the jury, when the record states: "By consent of counsel, the question of interest is reserved, and may be found by the court hereafter." After a verdict was rendered, the court added interest to the amount awarded, in the sum of $155.16. It was not controverted but that the bill of sale which transferred the title to the property from Daniel Coleman to his son Harry was executed and delivered prior to the time of the conditional sale of the cabs; nor was it claimed that any disclosure of its contents was made to the plaintiffs, or that they knew anything about it. Its effect was to divest Daniel Coleman of all right, title, and interest in the property. The evidence upon the part of the plaintiff tended to establish that the representations were made, and, if made, their falsity was admitted. The question became one, therefore, for the jury, and their finding upon that subject is conclusive. Plaintiffs had the right, pursuant to the terms of the contract, to repossess themselves of the

property, and to sue for the damages which they had suffered by the fraud perpetrated upon them. Thomas v. Dickinson, 65 Hun, 5, 19 N. Y. Supp. 600; Pryor v. Foster (Super. Buff.) 1 N. Y. Supp. 774, affirmed on appeal 130 N. Y. 171, 29 N. E. 123.

It is claimed, however, that the court committed error in submitting the case to the jury. Upon the subject of the bill of sale, the court charged:

"There is no dispute that, at the time when the goods were sold and delivered, Daniel Coleman did not own that livery stable; and there has not been the slightest effort made in this case to explain why that bill of sale was made, or that it was not made for any purpose different from that which is expressed in the bill of sale and the trust agreement."

To that part of the charge which stated that there had been no effort to explain the bill of sale, or show how it was made, counsel for the defendants excepted. The claim is that an attempt was made to explain this bill of sale, but that such evidence was excluded under the objection of the plaintiffs. Upon this subject, defendants' counsel called John Coleman, one of the defendants, as a witness, and asked him if there was any change in the way of conducting the business after the bill of sale was executed and delivered. Objection was interposed to this question and sustained. He was then asked: "Q. Did that business, after the transfer to your brother, continue to be carried on in the name of Daniel Coleman?" This was objected to, and the objection sustained. "Q. Did your father continue in that business after the bill of sale just as before?" The same objection was made and sustained, and to the several rulings the defendants took an exception. This was all the evidence offered or attempted to be offered upon such subject. It was not claimed that these questions were preliminary to the development of further testimony upon the subject. It falls far short in sustaining the appellants' contention. It is indisputable that the defendants did not seek by their questions to show that the bill of sale was not executed and delivered, or that it did not transfer absolute title to the son. All the questions called for was whether the business was continued the same after as before. This did not explain the bill of sale, or change the fact that Daniel Coleman had divested himself of this property. What it would have shown if the questions had been answered in the affirmative was that, while there had been an absolute transfer by Daniel Coleman of his property, and he was no longer the owner of it, yet he held himself out to the world as being such owner, while in fact the bill of sale which passed his title was kept a secret. Such transaction has always been laid hold of as constituting a badge of fraud, and is always pertinent in establishing such fact. It did not in the slightest degree tend to explain why the bill of sale was made, and certainly, if affirmative answers had been given, it would not have shown that it was made for any different purpose than that which was expressed upon its face, and nothing else was claimed for it. The court was therefore correct in the charge which it made.

It is further claimed that the court erred in allowing interest upon the amount of the verdict. It is undoubtedly the rule that in actions of tort, to recover unliquidated damages, the question of interest is

for the jury to determine, and they may either grant or withhold it in their discretion. It forms a part of the damages which they may award, and the court has no power to award it as matter of law. Brush v. Long Island R. R. Co., 10 App. Div. 535, 42 N. Y. Supp. 103, affirmed on appeal 158 N. Y. 742, 53 N. E. 1123. The court was therefore wrong in assuming to award interest upon the verdict unless the parties have stipulated that he might. At the time of the colloquy above adverted to, defendants' counsel offered to concede, if the court required, that the plaintiffs were entitled to interest upon the recovery if they should obtain one. The court asked whether counsel was willing to concede that interest should be awarded, but declined to require the concession; and defendant's counsel stated that it did not seem to him that, as matter of damages, it was properly before the court. Subsequently, at the close of the case, the stipulation which has been already quoted was made. We think the fair construction of all that took place upon the subject is that the defendants must be regarded as having stipulated that, if the plaintiffs had a recovery, the court might add interest to the verdict, in its discretion. As to this matter the court was substituted for the jury. In this view, no error was committed, as it was competent for the defendants so to stipulate.

The result leads us to the conclusion that the judgment and order should be affirmed, with costs. All concur, except VAN BRUNT, P. J., who dissents.