DAVID CAMPBELL and Others, Appellants, *v.* NEW YORK CENTRAL RAILROAD COMPANY, Respondent.

Fourth Department, June 29, 1928.

*Henry S. Fraser*, for the appellants.

*Daniel Scanlon*, for the respondent.

SEARS, J. The plaintiffs seek in this action to recover damages suffered through the burning of the plaintiff Campbell's house which they claim was caused by the negligent discharge of sparks from one of the defendant's locomotives. The proof to establish both that the fire was set by sparks discharged from one of the defendant's engines, and that the sparks were negligently discharged was circumstantial as is usual in cases of this character. (*Warner* v. *N. Y., O. & W. R. Co.*, 209 App. Div. 211; *Peck* v. *N. Y. C. & H. R. R. R. Co.*, 165 N. Y. 347.)

The record discloses evidence sufficient to make a *prima facie* case on both of these points. The building which burned was located 130 feet south of the defendant's tracks. On other occasions lighted cinders from the defendant's locomotives had been observed to fall at the side of this building. The carrying of lighted sparks

for such a distance was thus shown to be possible. (*Jacobs* v. *N. Y. C. & H. R. R. R. Co.*, 107 App. Div. 134.) The fire occurred between six and seven o'clock on the evening of the 20th day of October, 1924. Within ten minutes before the discovery of the fire, the wife of plaintiff David Campbell had looked through a window of the building toward the railroad and had seen a train pass, had seen the glow from the open door of the fire box and had observed the silhouette of a fireman engaged in coaling the engine. The wind on the night in question was from the northwest, that is, from the railroad toward the house. The existence of the fire was called to the attention of those in the house by a neighbor who saw the blaze from some distance away. The fire was then confined to the space of a few feet on the sloping roof of a part of the building which projected toward the railroad. No fire had been kindled that day in any of the fireplaces, stoves or ranges in the house, except in the kitchen, and the chimney from the kitchen was on the southerly side of the house, away from the railroad. When notified of the fire on the roof, the plaintiff Campbell at once examined the interior of the house directly under the roof where the fire appeared on the outside and found no fire at that time in the inside of the house. There was no electric wiring in the house. All lamps were fully accounted for. There were no bonfires or independent sources of fire in the neighborhood. A witness living a little more than 1,600 feet away looked out of her window in the direction of the railroad and the plaintiff Campbell's house a few moments before the fire was discovered; she heard the whistle of a passing train; she then saw sparks which she described as looking to her like stars or a rocket, passing in a direction toward the house. A few moments later she saw a west-bound train, after it had passed the house. When she saw the train she noticed no sparks being thrown out. There were obstructions which prevented her seeing the train while it was passing the plaintiff Campbell's house. All this was sufficient to present a question for the jury as to the causal connection between the fire on the roof and the defendant's passing locomotive.

There was also testimony to the effect that a locomotive equipped with a proper spark-arresting screen having a mesh of not to exceed one-quarter of an inch by three-quarters of an inch would not throw sparks which would remain lighted for a greater distance than about 35 feet. On this proof a jury could find that an engine discharging sparks sufficient to cause a fire on a building 130 feet distant must at the time have been inadequately or defectively equipped.

The learned trial justice properly ruled at the close of the plain-

tiffs' case that the evidence was sufficient to require the defendant to go forward with its proof in explanation. (*Peck* v. *N. Y. C. & H. R. R. R. Co.*, *supra; Jamieson* v. *N. Y. & Rockaway Beach R. Co.*, 11 App. Div. 50; affd., 162 N. Y. 630; *Jacobs* v. *N. Y. C. & H. R. R. R. Co.*, *supra.*)

The defendant's evidence was to the effect that the only westbound engines which passed near the time when the fire arose were properly equipped with spark-arresting devices and that these devices upon inspection both before and after the event were found in proper condition. One engine was inspected on October fifteenth, and no defects were found, and again on October eighteenth, when no defects were noted, and on October twenty-first when the spark-arresting devices were found to be good. Another engine was inspected on October seventeenth and eighteenth, and again on November second. On October seventeenth some bolts fastening the screen had been found to be missing. These were replaced and the apparatus was then on October eighteenth again inspected and approved and the spark-arresting devices were certified by the inspector to be in good condition. On November second the same engine was inspected and everything found in good condition and without defect. The inspection records were produced as well as the oral testimony of the inspectors themselves.

At the close of the evidence the learned trial justice granted defendant's motion and dismissed the complaint, holding that defendant's proof negatived negligence on the part of the defendant company as matter of law. In this we think there was error. Questions of fact still remained. According to defendant's evidence all the engines were, at the time in question, in perfect condition and the fire could not have been caused by sparks from the locomotives. There is then a direct conflict between this proof and the plaintiffs' circumstantial proof which was sufficient to justify a finding that sparks did cause the fire. Under such circumstances one or the other of the chains of evidence must break. Which this shall be rests with the jury. (*Brush* v. *Long Island R. R. Co.*, 10 App. Div. 535; affd., 158 N. Y. 742.) The witnesses giving testimony in respect to the particular trains which passed at about the time of the fire, of the number and times of the inspections and of their character were all employees of the defendant. Their testimony raised questions of fact as to the care of the defendant in having inspections made, and as to the care used in the inspections themselves. As to the engine which was not inspected until thirteen days after the fire, the inspection then would not be decisive without clear evidence that in the mean-

time the screen had not been repaired or changed. (*Smith* v. *N. Y. C. & H. R. R. R. Co.*, 164 App. Div. 421.)

It is needless to add that in considering the evidence the construction most favorable to the plaintiffs has been put upon it. When it comes to the determination of the questions of fact, many matters favorable to the defendant, not mentioned here, must be considered by the jury.

The judgment should be reversed and a new trial granted, with costs to the appellants to abide the event.

All concur. Present — HUBBS, P. J., SEARS, CROUCH, TAYLOR and SAWYER, JJ.

Judgment reversed on the law and a new trial granted, with costs to appellants to abide event.