### GARRETT et al. v. SOUTHERN RY. CO.

(Circuit Court of Appeals, Sixth Circuit. March 15, 1900.)

No. 750.

RAILROADS—FIRES SET BY SPARKS FROM ENGINE—NEGLIGENCE—BURDEN OF PROOF.

In an action against a railroad company for damages from fire alleged to have been set by sparks from defendant's locomotive, the burden is on the plaintiff to prove, not only that the fire was caused by sparks from defendant's engine, but that the emission of such sparks was due to defendant's negligence.

In Error to the Circuit Court of the United States for the Western District of Tennessee.

C. G. Bond and J. M. Boone, for plaintiffs in error.

W. J. Lamb and F. P. Poston, for defendant in error.

Before TAFT, LURTON, and DAY, Circuit Judges.

TAFT, Circuit Judge. This is a writ of error brought to review a judgment for the defendant, the Southern Railway Company, in a suit filed against the company by G. W. Garrett and H. E. Ray for $20,000 damages for alleged negligence of the company resulting in the burning and destruction of the planing-mill plant and stock of lumber of the plaintiffs at Pocahontas, Tenn., on December 27, 1898. The declaration alleged that the fire which destroyed the property was caused by sparks emitted from an engine negligently constructed and operated by the defendant company on its switch track in front of the plaintiffs' mill. The cause was originally brought in the circuit court of McNairy county, Tenn., and was removed to the court below by the railway company on the ground of diverse citizenship of the parties. The defendant denied that sparks from its engine caused the accident, and further denied any negligence in the con-

struction or operation of its locomotives. The case was heard, and the jury returned a verdict for the defendant.

The sole question presented by the record for our consideration is whether the rule which the court laid down as to the burden of proof was correct. There is not in Tennessee, as there is in many other states, a statute defining the rule to be enforced as to the burden of proof in such cases. The question presented to the court below and presented here is one of common law. The court below, in effect, instructed the jury that, as the plaintiffs charged the defendant with negligence, the burden was on the plaintiffs to show the defendant's negligence by a preponderance of the evidence; that, when the plaintiffs established by such preponderance the mere fact that the fire was caused by sparks from an engine of the defendant, it still remained for him to prove that the emitting of such sparks was due to defendant's negligence; that, if the jury found as a fact that under the present approved methods of constructing and operating locomotives it was improbable that fire could be communicated by sparks from an engine without negligence, then the jury would be justified in inferring as a fact, from the mere circumstance of the fire and its origin in the emission of sparks, that the fire was caused by the negligence of the defendant. The court declined to charge the jury, as matter of law, that mere proof that the fire was caused by sparks from an engine was prima facie evidence of the negligence of the defendant. There is great contrariety of opinion in the cases upon the question whether the mere communication of fire by sparks of an engine is prima facie evidence of negligence in a railway company. The question is further complicated by the fact that in many states statutes have been passed which make such evidence prima facie evidence of negligence. Without examining the cases, we think we may say that nearly all the earlier cases hold that the burden is upon the plaintiffs not only to show that the fire was caused by the sparks, but that the sparks were emitted through the negligence of the defendant. In later cases the effect of the state statutes, and the difficulty attending the proof of negligence, arising from the fact that the condition of the engine is a matter wholly within the knowledge and control of the defendant company, have led courts into making this an exception to the ordinary rule in cases of negligence.

The real point in controversy here is whether the art of burning coal in a locomotive, and of providing the preventives for the emission of sparks, is judicially known to the court to have reached that stage of perfection that it is improbable that a fire could be communicated except through the negligence of the railroad company either in the construction or operation of the locomotive. It is urged upon us that in the state of Tennessee, in Burke v. Railroad Co., 7 Heisk. 451, and Simpson v. Railroad Co., 5 Lea, 456, the law of Tennessee has been settled in favor of the contention of the plaintiffs in error here that proof of fire from sparks is prima facie evidence of negligence. As we have said, this question is not controlled by any statute in Tennessee, and the rules of evidence in the federal court are questions of general law, not controlled by state decisions. We think we must take as our guide in this action the intimation of the su-

preme court of the United States in the Nitroglycerin Case, 15 Wall. 524, 21 L. Ed. 206. In that case a lessor attempted to hold a lessee for damages for injuries to the building leased by the explosion of nitroglycerin while in charge of the defendants. Upon this point the court, speaking by Mr. Justice Field, held as follows:

"This action is not brought upon the covenants of the lease. It is in trespass for injuries to the buildings of the plaintiff, and the gist of the action is the negligence of the defendants. Unless that be established, they are not liable. The mere fact that injury has been caused is not sufficient to hold them. No one is responsible for injuries resulting from unavoidable accident while engaged in a lawful business. A party charging negligence as a ground of action must prove it. He must show that the defendant by his act, or by his omission, has violated some duty incumbent upon him, which has caused the injury complained of. The cases between passengers and carriers for injuries stand upon a different footing. The contract of the carrier being to carry safely, the proof of the injury usually establishes a prima facie case, which the carrier must overcome. His contract is shown, prima facie, at least, to have been violated by the injury. Outside of these cases, in which a positive obligation is cast upon the carrier to perform safely a special service, the presumption is that the party has exercised such care as men of ordinary prudence and caution would exercise under similar circumstances, and, if he has not, the plaintiff must prove it. Here no such proof was made, and the case stands as one of unavoidable accident, for the consequences of which the defendants are not responsible. The consequences of all such accidents must be borne by the sufferer as his misfortune. This principle is recognized and affirmed in a great variety of cases,—in cases where fire originating in one man's building has extended to and destroyed the property of others; in cases where injuries have been caused by fire ignited by sparks from steamboats or locomotives, or caused by horses running away, or by blasting rocks; and in numerous other cases which will readily occur to every one."

We think that this language indicates that the supreme court of the United States would adhere to the older and more conservative view that the mere ignition by sparks is not prima facie evidence of negligence of the railroad company as a matter of law. It may be that evidence as to the approved methods for preventing emission of dangerous sparks may justify an inference of fact that the fire could not have been thus communicated without negligence. This was the charge of the court. The jury were given permission, from the mere fact of the ignition by sparks, to infer, if they could as a matter of fact, that it was caused by negligence; but the court declined to charge them, as a matter of law, that it raised a presumption of negligence. The course of the court, we think, was well within the rule, as we understand the cases, which the supreme court of the United States has followed, and that no prejudice was done to the plaintiffs in the charge which was given. The judgment is affirmed.