TOLEDO, ST. L. & W. R. R. v. STAR FLOURING MILLS CO.

(Circuit Court of Appeals, Sixth Circuit.    July 10, 1906.)

No. 1,517.

1. RAILROADS—FIRES—EVIDENCE AS TO CONDITION OF SPARK ARRESTER.
    In an action against a railroad company to recover for the loss of property alleged to have been set on fire and burned by sparks from a locomotive engine on defendant's road where witnesses for defendant

testified that the engine was equipped with the most approved kind of spark arresting device, and that the same was in good condition, plaintiff was entitled to show in rebuttal of such testimony that on the same day ten fires were caused by sparks from the same engine within two miles of plaintiff's property and by the testimony of experts that such fact would indicate that the spark arrester was not in good condition.

[Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, §§ 1719–1723.]

2. SAME—ACTION UNDER OHIO STATUTE—BURDEN AND MEASURE OF PROOF.

Under the provision of Rev. St. Ohio 1906, § 3365–6, which makes the fact that a fire was set to property adjacent to a railroad by sparks escaping from a locomotive prima facie proof of the railroad company's negligence, in an action to recover for the loss of such property, the company is not required in order to overcome such prima facie case to produce a preponderance of the evidence bearing on the question of negligence, but it is sufficient if it produce enough to counterbalance that by which the prima facie case is made out, the ground of recovery under the statute as under the common law being negligence the burden of proving which rests upon the plaintiff.

[Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, §§ 731, 1709–1716.]

Error to the Circuit Court of the United States for the Northern District of Ohio.

This was an action brought by the defendant in error against the plaintiff in error to recover damages for the destruction by fire of the plaintiff's flouring mill and contents at Venedocia, Ohio. The petition is drawn under section 3365–6 Rev. St. Ohio 1906, and alleges that the fire which destroyed the mill was caused by sparks emitted by a locomotive drawing a train of freight cars on defendant's railway. The answer was a general denial, coupled with special averments that the locomotive in question was equipped as required by the statute, and carefully operated by skillful and competent employés. At the close of all the evidence the plaintiff in error moved for a peremptory instruction for a verdict in its favor. This motion was overruled, and this has been assigned as error. The case was then submitted to a jury, who were required to answer certain interrogatories propounded by the court. These interrogatories and the answers of the jury were as follows:

By the Court: Gentlemen of the jury, I am asked to submit to you certain questions, which I do, and which you will answer, as indicated to you by the court:

(1) "Do you find that the fire which consumed the plaintiff's property originated from a spark emitted by one of defendant's locomotives?" That question you will answer, and by your foreman sign.

(2) "If you answer interrogatory No. 1 in the affirmative, do you find that the locomotive which set said fire was engine 66, attached to defendant's through freight train No. 42?" That will be answered similarly.

(3) "Do you find that said engine 66 was at the time of the fire equipped with a spark arresting device of the best and most effective pattern known or in use at the date of said fire?" You must answer that question, although it is not couched in the language which the law provides shall be descriptive of such a spark arrester."

(4) "Do you find that the said spark arresting device on said engine was at the time of the fire in good repair?" You may answer.

(5) "Do you find that the defendant's employés in charge of and operating said engine at the time of the fire were competent and skillful?" You will answer.

(6) "Do you find that the defendant's said employés in charge of said engine at the time of the fire were at such time operating the engine in a careful manner?" All of these questions, gentlemen, you may answer according to the fact.

Clarence Brown, for plaintiff in error.

O. S. Brumback and H. L. Conn, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

LURTON, Circuit Judge, after making the foregoing statement, announced the opinion of the court.

In respect of the error assigned upon the refusal of the court to instruct a verdict for the plaintiff in error, it is only necessary to say that a careful examination of the record convinces us that there was material evidence upon which the jury might find as they did; that the fire which consumed plaintiff's mill was started by sparks emitted from a locomotive in operation upon the defendant's railway. Under the Ohio statute, which will be later considered, the effect of proof that the fire was started by sparks from a passing engine was to make that fact prima facie evidence that the escape of sparks was due to negligence and the burden was thus cast upon the defendant to rebut or counterbalance the presumption. In view of the finding by the jury that the spark arrester was of the best and most effective make and that the servants of the company operating the engine, efficient and skillful, we need not discuss either of those matters, for the refusal to instruct the jury to find for the plaintiff on those parts of the case did no harm. There remains then, only the question of whether this spark arresting device was in good condition upon the day when this fire was started. The jury found that it was not, and we are not at all disposed to think that there was not evidence sufficient to carry that question to the jury. That there was substantial, uncontradicted evidence that the netting of this particular engine had been replaced by new netting 30 days before the fire, and that the average life of such netting was from 6 to 18 months, must be conceded.

The servants of the railroad company also testified that this netting was inspected on the night before the fire, and again within one-half hour after the fire, and found to be in good condition. There was also uncontradicted evidence from competent experts that no spark arresting device will prevent the escape of all sparks and at the same time leave draft enough to operate the engine. To rebut this evidence of good repair the plaintiff relied, first, upon evidence tending to show that no less than 10 fires in grass and hay and stubble had been started by this very engine on the day in question within two miles of plaintiff's mill. There was also expert evidence to the effect that the fact that the same engine started 10 fires within two miles upon the same day and trip would indicate something wrong with the arrester. This testimony was admitted over the objection of the defendant in error, but we think it was competent to go to the jury as to the question of the condition of the arrester. Peck v. N. Y. C. R. R., 165 N. Y. 347, 59 N. E. 206. The jury were not bound to accept the evidence of the inspector and other servants of the defendant as to the condition of the arrester if there was evidence tending to show that the sparks actually emitted in size and number were not such as could be anticipated if the condition of the arrester was

as testified to. Karsen v. M. & St. P. Ry., 29 Minn. 12, 16, 11 N. W. 122; Carter v. Penn. R. R. Co., 120 Fed 663, 57 C. C. A. 125; Babcock v. C. & N. Ry., 62 Iowa, 593–597, 13 N. W. 740, 17 N. W. 909.

There remains the question as to whether the court erred in instructing the jury that the defendant could only escape liability if they should find that the plaintiff's mill had been burned by sparks from a·passing engine by establishing by a "preponderance" of the evidence that its engine was provided with the best and most effective spark arrester, that it was in good condition, and that its engine was in care of competent and skillful men. The question is whether under the Ohio statute the prima facie case of negligence made by evidence that a fire was set by escaping sparks can only be rebutted by a preponderance of the evidence bearing upon the subject of negligence. At the common law the ground upon which the owner of the property consumed by fire, started upon or suffered to escape from the premises of another, could recover for such loss was negligence. This rule requiring the plaintiff to affirmatively show that the fire by which he suffered had resulted from a negligent act of the defendant, applied also to fires started by escaping sparks from locomotives of railway companies lawfully using such locomotives in the operation of their railways. Garrett v. Southern Railway, 101 Fed. 102, 41 C. C. A. 237, 49 L. R. A. 645; Cincinnati Railway v. South Fork Coal Co. (C. C. A.) 139 Fed. 528–531; Shearman & Redfield on Negligence, §§ 655–666; St. L. Ry. Co. v. Mathews, 165 U. S. 1, 5, 15, 17 Sup. Ct. 243, 41 L. Ed. 611. There has always existed sharp conflict between decisions of eminent courts as to whether evidence that a fire was started by escaping sparks constituted, without more, a prima facie case of negligence. Upon the affirmative of this question was such cases as McCullen v. C. & N. W. R. R., 101 Fed. 66, 41 C. C. A. 365, 49 L. R. A. 642; Spaulding v. C. & N. W. R. R., 30 Wis. 110, 11 Am. Rep. 550.

In which case the Wisconsin court said:

"Some fire under all circumstances, and under even the best conditions of the engine to prevent it, will sometimes escape. The presumption, therefore, of negligence or the want of proper equipments, arising from the mere fact of fire having escaped, is not conclusive, nor, indeed, a very strong one, but of the two, rather weak and unsatisfactory. It is indulged in merely for the purpose of putting the company to proof and compelling it to explain and show, with a reasonable and fair degree of certainty, not by the highest and most clear and unmistakable kind of evidence, that it had performed its duty in this particular. Hence, evidence showing that the engines passing over a road were properly constructed and equipped, and were subjected to the vigilant and careful inspection of a competent and skillful person as often as once in two days, and found to be in proper order, would seem to satisfy the requirements of the rule."

See, also, Menominee River Sash & Door Co. v. Milwaukee & Northern R. Co., 91 Wis. 459–460, 65 N. W. 176.

Upon the other hand there are many cases which seem to rest upon a more logical basis in holding that the gravamen of an action for loss of property by fire communicated by sparks, is negligence, and that inasmuch as a railway company may lawfully use locomotives it

can not be made liable for a loss from sparks emitted, unless the plaintiff shows such sparks to have been negligently emitted, the burden of showing negligence being always upon him who affirms it. Henderson v. Railway Co., 144 Pa. 461, 475, 476, 22 Atl. 851, 16 L. R. A. 299, 27 Am. St. Rep. 652; Flinn v. N. Y. C., etc., R. R., 142 N. Y. 11, 19, 36 N. E. 1046. This was the view entertained by this court in a case originating in Tennessee, where there was no statute. Garrett v. Southern Ry., 101 Fed. 102, 41 C. C. A. 237, 49 L. R. A. 615. To the same effect are: Burroughs v. Housatonic Rd., 15 Conn. 124, 38 Am. Dec. 64; Gandy v. Chicago N. W. Rd., 30 Iowa, 420, 6 Am. Rep. 682.

There is a substantial agreement in all the cases, however, in holding that very slight evidence, such as proof that the sparks were of an unusual character in size, or in number, or that an unusual number of fires had been caused by sparks immediately before the fire in question, or that the defendant had been negligent in leaving upon its premises, in a very dry season, inflammable material, liable to be set on fire by the small sparks which inevitably escape under the most ordinary precautions, is enough to make a prima facie case of negligence demanding evidence of due care in rebuttal. Types of such cases appear in Railway Co. v. Richardson, 91 U. S. 454, 23 L. Ed. 356; Flinn v. N. Y. C. & C. R. R., 142 N. Y. 11, 36 N. E. 1046; Smith v. London, etc., R. R., 6 L. R. C. P. Cases 14; Peck v. N. Y. C. R. R., 165 N. Y. 347, 59 N. E. 206; Burke v. Railroad, 7 Heisk. (Tenn.) 451, 19 Am. Rep. 618; Huyett v. Railroad, 23 Pa. 373; Henderson v. Railroad, 144 Pa. 461, 477, 22 Atl. 851, 16 L. R. A. 299, 27 Am. St. Rep. 652. For the principles applicable to fires originating from collisions on a railroad track, see C. S. Ry. Co. v. South Fork Coal Co. (C. C. A.) 139 Fed. 528. In some of the states the statutes impose a liability unless the defendant company shall prove that the sparks escaped without negligence and that it was in all respects free from censure. Among the states having such statutes are Vermont, Michigan, Iowa, Louisiana. See Railroad v. Richardson, 91 U. S. 456, 23 L. Ed. 356; Ann Arbor Rd. Co. v. Fox, 92 Fed. 494, 34 C. C. A. 497; Small v C. R. I. Rd. Co., 50 Iowa 338.

In Ohio the statute makes a railway company absolutely liable, irrespective of negligence, for a fire started upon its own premises, in the operation of its railway, by which adjacent property is destroyed. By another provision of the same act, the fact that fire was communicated by sparks from an engine to property adjacent to the railway right of way is made prima facie evidence of negligence. In other states absolute liability for fire communicated by sparks is imposed regardless of any actual negligence. Among such statutes are those of Missouri, Massachusetts, Maine, New Hamphire, Connecticut, Colorado, South Carolina. For the terms and dates of these statutes the very elaborate opinion of Justice Gray in St. Louis, etc., Ry. Co. v. Mathews, 165 U. S. 1, 17 Sup. Ct. 243, 41 L. Ed. 611, in which the constitutionality of the Missouri statutes was vindicated, may be consulted.

In Railway Company v. Kreager, 61 Ohio St. 313, 56 N. E. 203, the Ohio statute here involved, and to which we refer above, was under construction. Its provisions, so far as they have any bearing upon the decision in that case, have been already substantially stated. The syllabus of the case is as follows:

"1. The act of April 26, 1894 (91 Ohio Laws, p. 187), imposes upon every railroad company operating a railroad or part thereof in this state, an absolute liability for loss or damage by fire, originating on its land, caused by operating the road; and the fact that the fire originated on the land of the company is made prima facie evidence that it was caused by operating the road. In an action for such loss or damage, it is not necessary to allege or prove negligence on the part of the company; nor is the absence of such negligence a defense.

"2. A different rule of liability, and of evidence, is provided by the act, where the loss or damage is caused by fire originating on land adjacent to the land of the railroad company. In such cases the company is liable only when the fire was caused in whole, or in part, by sparks from an engine on or passing over the road; and the fact that the fire was so caused is made prima facie evidence of negligence on the part of the company or person operating the road. But this prima facie case of negligence may be overcome by proof, under a proper pleading, that the company exercised due care, the burden being on the company to show that it was free from negligence."

The question as to whether the prima facie case made for the plaintiff might be rebutted or overbalanced by the evidence offered by the party upon whom the burden had been thus shifted was not involved. "No evidence," said the court in its opinion, "was offered to show the defendant exercised due care and the only instruction asked" (in reference to the care for a loss occasioned by sparks from an engine to property adjacent to right of way) "was: 'That unless the jury find the injury complained of resulted from the carelessness and negligence of the defendant in running and operating its road, then the verdict should be for the defendant.'" In the absence of any evidence to rebut the presumption of negligence from the fact that the fire was communicated by sparks from a passing engine the plaintiff was plainly entitled to a verdict.

In the case of Klunk v. Hocking Valley Railway Company (Ohio) 77 N. E. 752, the action involved a construction and application of 3365–21, Rev. St. Ohio 1906, by which it is provided that if an employé shall receive an injury by reason of any defect in any car, locomotive or machinery owned or operated by such corporation, "such corporation shall be deemed to have had knowledge of such defect before and at the time such injury is sustained, and when the fact of such defect shall be made to appear in the trial of any action in the courts of this state brought by such employé or his legal representatives, against any railroad corporation for damages on account of such injury so received, the same shall be prima facie evidence of negligence on the part of such corporation." It appeared that the injury resulted from an alleged defect in a water glass upon a locomotive upon which plaintiff was employed as engineer.

The trial judge charged the jury on the subject of burden of proof as follows:

"If you find from the evidence that said water glass was then and there defective, and that the plaintiff received said injuries in consequence thereof,

then such is prima facie evidence of negligence on the part of the defendant. This, however, does not preclude the defendant from rebutting such prima facie evidence of negligence by showing that it had not knowledge of the defect and that it was not guilty of negligence. In order to overcome such presumption, the defendant must show by a preponderance of the evidence, that it did not, at the time of the bursting and breaking of said water glass, have such knowledge, and that it could not have obtained such knowledge by the use of ordinary care, skill and diligence."

The Supreme Court, among other things, in respect of the meaning of this statute, said:

"But while the effect of this statute in the cases to which its provisions apply, is to so modify the rules of evidence as to make the proof of such defect prima facie evidence of negligence on the part of the corporation, yet this statute neither changes nor affects the rule as to the quantum or degree of evidence sufficient or necessary to rebut and control the prima facie case thus raised. The general rule would seem to be well established by an almost unbroken line of authority, that to rebut and destroy a mere prima facie case, the party upon whom rests the burden of repelling its effect, need only to produce such amount or degree of proof as will counter-avail the presumption arising therefrom. In other words, it is sufficient if the evidence offered for that purpose counter-balance the evidence by which the prima facie case is made out and established. It need not overbalance or outweigh it. Smith v. Sac Co., 11 Wall. 139, 20 L. Ed. 102; Stewart v. Lansing, 104 U. S. 505, 26 L. Ed. 866; Foster v. Hall, 12 Pick. 89, 22 Am. Dec. 400; R. R. Co. v. Brazzil, 72 Tex. 233, 10 S. W. 403.

"In the present case the cause of action pleaded and relied upon by plaintiff is grounded solely upon the alleged negligence of the defendant railway company. The general denial in the answer of the railway company puts in issue every allegation of fact in the petition necessary to establish in the plaintiff a right to recover, and the allegation of negligence being the allegation of a material and affirmative fact, the burden, at all times, was upon the plaintiff to establish such fact by a preponderance of the evidence. During the progress of a trial it often happens that a party gives evidence tending to establish his allegation, sufficient it may be to establish it prima facie, and it is sometimes said that the burden of proof is then shifted. All that is meant by this is, that there is a necessity of evidence to answer the prima facie case or it will prevail; but the burden of maintaining the affirmative of the issue involved in the action is upon the party alleging the fact which constitutes the issue, and this burden remains throughout the trial. Heineman v. Heard, 62 N. Y. 448. Whether in the case at bar the defendant railway company was guilty of such negligence as would create a liability against it, depended upon the whole of the evidence, as well that which by force of the statute constituted a prima facie case against the defendant, as all the other evidence produced by plaintiff tending to corroborate and, by the railway company, tending to rebut the charge of negligence made against it; and if upon the whole case defendant's negligence was not established by a preponderance of the evidence, or if upon all the evidence adduced upon that issue the case was left in equipoise, the defendant was entitled to a verdict, and the jury should have been so charged. Instead, the jury was instructed by the trial judge that to overcome the presumption or inference of negligence raised against it by the statute, the defendant company 'was required to satisfy you by a preponderance of the evidence that it is not negligent.' This, we think for the reasons above stated, was clearly misleading and erroneous."

Under this opinion, as well as that in the Kreager Case, it is obvious that negligence is just as much the ground upon which the liability of a railway company rests under the provisions of the fire statute as it would be if there was no such statute. The statute only provides that proof of the fact that fire was caused by escaping sparks shall constitute prima facie evidence of negligence. This, as we

have already shown, was the conclusion of many courts as to the effect of such evidence independently of any statute. This is also what the statute does in respect to an injury to an employé resulting from a defect in car, engine, or appliance of a railway company. If a passenger had shown an injury through defective appliance, negligence would be presumed. At the common law this was not the case as to an employé. The latter must go on and affirmatively show that the defect was due to negligence and this he would commonly do by evidence that it was known or should have been known to the master, who had neglected the duty of repair. But the statute construed in the Klunk Case provides that proof by the fact of an injury from a defect "shall be prima facie evidence of negligence on the part of such corporation." Whether the action be by an employé for an injury due to a defective engine, or by an owner of property destroyed by fire communicated by sparks from an engine, the statute in substance says:

"That in the one action the fact of an injury by a defect in the engine shall be prima facie evidence of negligence and in the other the fact that the fire was started by escaping sparks from an engine shall likewise be prima facie evidence of negligence."

In both cases the statute effects a mere matter of evidence and in both instances the burden of proving negligence is upon the plaintiff, it shifting only when he has proven one fact from which the other fact, negligence, is inferred and prima facie made out until rebutted or countervailed by evidence of due care. Upon principle we can see no room for distinction between the statute interpreted in the Kreager Case and that under consideration in the Klunk Case in so far as that under each proof of one fact is made to constitute prima facie evidence of another.

In the Kreager Case the question of what would counterbalance the prima facie evidence of negligence was not involved. That the burden is shifted by the statute to the defendant is true, but, as stated in the Klunk Case:

"To rebut or destroy a mere prima facie case, the party upon whom the burden rests of repelling its effect, need only to produce such amount or degree of proof as will countervail the presumption therefrom. In other words, it is sufficient if the evidence offered for that purpose counter-balance the evidence by which the prima facie case is made out and established. It need not overbalance or outweigh it."

There is, we think, no conflict between the Kreager and Klunk Cases. The latter is the later decision and we can but regard it as an authoritative construction of one Ohio statute which, in respect to the point construed, is identical with the Ohio statute here involved.

If it was error to charge that the prima facie evidence of negligence arising from proof of one fact under the one statute could be overcome only by a preponderance of the evidence bearing upon the question of negligence, it was error to charge that such a preponderance was necessary in the case at bar. This the trial judge did and an exception was sufficiently reserved.

For this error the judgment must be reversed, and a new trial awarded.